U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SUSAN WINTER and JOANNA MCCOURT,
*individually,*

Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.

Defendant.
___________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs, **SUSAN WINTER** and **JOANNA MCCOURT**, *individually and on their own behalf*, by and through their undersigned counsel, hereby sue the Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction based on diversity of citizenship 28 USC §1332. This action also arises under maritime law such that the Court has admiralty or maritime jurisdiction pursuant to 28 USC §1333.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **SUSAN WINTER**, was and is a resident of and domiciled in the State of Pennsylvania, now living in Blakeslee, Monroe County,

Pennsylvania, and at all times material was a passenger on board Defendant's vessel, *Anthem of the Seas*.

5. At all times material, Plaintiff, **JOANNA MCCOURT**, was and is a resident of and domiciled in the State of Pennsylvania, now living in Washington Crossing, Bucks County, Pennsylvania, and at all times material was a passenger on board Defendant's vessel, *Anthem of the Seas*.

6. The Plaintiffs' cases are joined pursuant to the permissive joinder rule of Rule 20, FRCP, insofar as:

a. Plaintiffs assert a right to relief arising out of the same occurrence, *to wit*, the damages sustained to passengers, crew and property (including the vessel RCCL *Anthem of the Seas*) on February 7, 2017, when the vessel navigated into hurricane force winds; and,

b. Raise both questions of law and fact common to both Plaintiffs in this action.

7. At all times material, Defendants, **ROYAL CARIBBEAN CRUISES, LTD.**, personally or through an agent:

A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

C. Maintained its principal place of business in Miami, Miami-Dade County, Florida.

D. Operated vessels and provided vessels for cruises in the waters of this state;

E. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

F. The acts of defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

8. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letters attached as Exhibit "A"). (The tickets are no longer in Plaintiff's possession).

9. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

10. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Anthem of the Seas*.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. This lawsuit deals with Defendant RCCL's knowing and intentional decision to sail the *Anthem of the Seas*, **carrying more than 4,000 paying passengers, directly into the path of a Hurricane**. More than 4,000 passengers were subjected to hours of sheer terror as the gigantic cruise ship was battered by hurricane force winds and more than 30 foot waves. This terror was amplified by the recent *El Faro* tragedy, wherein a cargo ship knowingly sailed into a hurricane and 33 crewmembers all perished. Just months after one of the worst maritime tragedies in recent history, Defendant RCCL's knowing, intentional and reckless conduct subjects RCCL to the imposition of punitive damages.

12. Remarkably, the two prior sailings of the Anthem of the Seas were delayed by as much as a day, due to bad weather. Nonetheless, prior to setting sail on Saturday February 6, 2016, there were numerous forecasts which predicted the storm which the Anthem of the Seas encountered. At approximately 4 p.m. on Wednesday, February 3,

2016, the National Oceanic and Atmospheric Administration's (NOAA) Ocean Prediction Center first headlined the possibility of storm forced winds for Sunday, February 7, along the eastern coast near Cape Hatteras, NC. The NOAA indicated that winds would increase from 35-50 knot during the day to 40-55 knots Sunday night. The NOAA also forecasted seas to increase from 12-20 feet during the day to 15-28 feet Sunday night.

13. At approximately 4:20 p.m. on Friday, February 5, 2016, the NOAA issued a storm warning for Sunday, February 7, with winds of 30-55 knots during the day, increasing to 40-55 knots Sunday night. The NOAA also forecasted seas at 11-18 feet during the day and seas at 18-25 feet during the night.

14. The subject vessel left for its voyage at approximately 4 p.m. on Saturday February 6, 2016. Concurrent with embarkation, at approximately 3:34 p.m. on Saturday, February 6, 2016, the **NOAA upgraded the storm warning to a Hurricane Force Wind Warning**. The NOAA was forecasting winds of 65 knots and 30 foot seas for Sunday, February 7.

15. RCCL knew or should have known of these hurricane force wind warnings, but nonetheless, the *Anthem of the Seas* left the Cape Liberty Port in Bayonne, New Jersey, on February 6, 2016, intending to sail to the Bahamas, carrying more than 4,000 paying passengers.

16. As the vessel was leaving Port, Captain Claus Andersen informed the passengers that there was a weather system building along the east coast and he intended to outrun the growing storm. In other words, RCCL was knowingly sailing directly towards a quickly intensifying hurricane.

17. The below image shows the projected path and the gigantic storm that RCCL knowingly sailed through:




18. As predicted, by 3:40 p.m. on Sunday, February 7, 2016, the hurricane-force winds and rough seas were battering the vessel so severely that Captain ordered all passengers to be confined in their staterooms until further notice.

19. While confined to their staterooms for approximately twelve hours, passengers were holding onto their beds and/or whatever they could find in order to keep from falling due to the severe crashing of waves and listing of the vessel. Furniture was overturned and tossed throughout the vessel; broken glass littered all levels of the vessel; a portion of the ceiling collapsed; elevators became inoperable; waves crashed through open

and/or shattered balcony doors; and water rushed in through numerous other areas of the vessel.

20. Waves were crashing over the top of the lifeboats tethered along the side of the *Anthem of the Seas* as the ship listed heavily to either side. At times the vessel listed (tilted) as far as 45 degrees and the passengers were violently thrown across their cabins.

21. Passengers scrambled to search for life jackets or floatation devices but were unable to do so. There were numerous families with small children aboard the vessel and parents did their best to protect themselves and their young children who were crying uncontrollably and screaming in sheer terror. These are examples of the extensive damage done to the vessel in the storm:





22. On Monday, February 8, 2016, RCCL decided to turn the *Anthem of the Seas* around and head back to New Jersey.

23. Each and all of the foregoing conditions, including but not limited to, the impending dangerous weather and sea conditions, were known and/or should have been known to RCCL prior to the time RCCL decided to sail on February 6, 2016, with Susan Winter, Joanna McCourt, and all other passengers similarly situated. As such, RCCL knowingly, intentionally and recklessly decided to sail directly into the path of a hurricane force storm, thereby placing the lives at risk of each and every one of the passengers and crew aboard that ship.

**COUNT I – SUSAN WINTER'S CLAIM FOR NEGLIGENCE**

24. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 23 as though alleged originally herein and further alleges

25. On or about February 7, 2016, the Defendant owned and operated a passenger cruise ship known as the *Anthem of the Seas*.

26. At such time and place, Plaintiff, **SUSAN WINTER**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

27. On February 7, 2016, while on board the *Anthem of the Seas*, which was operating in navigable waters, the Plaintiff, **SUSAN WINTER**, sustained personal and emotional injuries after the *Anthem of the Seas* sailed directly into the path of a winter storm.

28. At all times material hereto Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

29. Plaintiff was injured due to the fault and/or negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide and maintain a safe voyage for Plaintiff and others similarly situated, fit with proper and adequate machinery, crew, and equipment; and/or

b. Creating the hazardous and dangerous condition by knowingly sailing the subject vessel into severe weather conditions; and/or

c. Creating the hazardous and dangerous condition by deciding to sail the vessel despite severe weather warnings; and/or

d. Failing to have proper policies and procedures in place to determine whether it was appropriate to sail into dangerous weather conditions; and/or

e. Failing to have adequate technology capable of properly monitoring weather conditions in real time;

f. Sailing the vessel into hurricane-force winds; and/or

g. Sailing the vessel into 30 foot seas; and/or

h. Failing to turn back the vessel and/or divert the vessel and/or seek safe harbor before and encountering the storm; and/or

i. Failing to warn passengers of the dangers of leaving port in Bayonne, New Jersey with the vessel in light of the expected weather and sea conditions; and/or

j. Failing to take a safe route from Bayonne, New Jersey, to Cape Canaveral, Florida; and/or

k. Failing to alter route to a safe route while at sea; and/or

l. Exposing the vessel to weather and sea conditions that the vessel was unfit for; and/or

m. Failing to promulgate and/or enforce adequate policies and procedures to prevent the vessel from leaving port into an expected storm; and/or

n. Failing to promulgate and or enforce adequate policies and procedures to require the vessel to turn around and/or seek safe harbor when encountering an expected storm became likely; and/or

o. Failing to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the vessel was operated in a safe weather conditions; and/or

p. Exposing its passengers to hurricane force weather conditions; and/or

q. Failure to provide adequate training, instruction, and supervision to the captain and crew; and/or

r. Failure to promulgate and/or enforce adequate policies and procedures to ensure that safety would not be compromised for cost and/or profits; and/or

s. Failure to adequately maintain the *Anthem of the Seas*, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

t. Failure to adequately inspect the *Anthem of the Seas*, its engines and machinery, so as to prevent the failure of shipboard systems necessary to

ensure the reasonable safety of its passengers; and/or

u. Failure to promulgate policies and/or procedures aimed at preventing the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

v. Failure to promulgate policies and/or procedures aimed at ensuring an adequate emergency plan to protect the health and welfare of passengers during an emergency; and/or

w. Failure to determine and/or appreciate the hazards associated with operating the subject vessel's propulsion system while encountering severe weather and sea conditions; and/or

x. Knowing, as a result of previous similar incidents, of the likelihood of a threat to passenger safety resulting from all of the above, yet failing to take corrective action and/or implement policies and procedures aimed at preventing and/or mitigating the harmful effects of the of the subject incident; and /or

y. Failure to promulgate adequate storm avoidance policies aimed at ensuring the safety of passengers; and/or

z. Failure to employ an in-house meteorological staff tasked with monitoring storms and/or sea conditions to ensure the safety of passengers.

30. At all material times, Defendant RCCL had exclusive custody and control of the vessel, *Anthem of the Seas*.

31. Defendant knew of the foregoing conditions causing Plaintiff's injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

32. As a result of the negligence of RCCL, Plaintiff sustained bodily injuries, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement,

aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, **SUSAN WINTER**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

**COUNT II – JOANNA MCCOURT'S CLAIM FOR NEGLIGENCE**

33. Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 23 as though alleged originally herein and further alleges

34. On or about February 7, 2016, the Defendant owned and operated a passenger cruise ship known as the *Anthem of the Seas*.

35. At such time and place, Plaintiff, **JOANNA MCCOURT**, were lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

36. On February 7, 2016, while on board the *Anthem of the Seas*, which was operating in navigable waters, the Plaintiff, **JOANNA MCCOURT**, sustained personal and emotional injuries after the *Anthem of the Seas* sailed directly into the path of a winter storm.

37. At all times material hereto Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

38. Plaintiff was injured due to the fault and/or negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide and maintain a safe voyage for Plaintiff and others similarly situated, fit with proper and adequate machinery, crew, and equipment; and/or

b. Creating the hazardous and dangerous condition by knowingly sailing the subject vessel into severe weather conditions; and/or

c. Creating the hazardous and dangerous condition by deciding to sail the vessel despite severe weather warnings; and/or

d. Failing to have proper policies and procedures in place to determine whether it was appropriate to sail into dangerous weather conditions; and/or

e. Failing to have adequate technology capable of properly monitoring weather conditions in real time;

f. Sailing the vessel into hurricane-force winds; and/or

g. Sailing the vessel into 30 foot seas; and/or

h. Failing to turn back the vessel and/or divert the vessel and/or seek safe harbor before and encountering the storm; and/or

i. Failing to warn passengers of the dangers of leaving port in Bayonne, New Jersey with the vessel in light of the expected weather and sea conditions; and/or

j. Failing to take a safe route from Bayonne, New Jersey, to Cape Canaveral, Florida; and/or

k. Failing to alter route to a safe route while at sea; and/or

l. Exposing the vessel to weather and sea conditions that the vessel was unfit for; and/or

m. Failing to promulgate and/or enforce adequate policies and procedures to prevent the vessel from leaving port into an expected storm; and/or

n. Failing to promulgate and or enforce adequate policies and procedures to require the vessel to turn around and/or seek safe harbor when encountering an expected storm became likely; and/or

o. Failing to use reasonable care to promulgate and/or enforce adequate

policies and procedures to ensure that the vessel was operated in a safe weather conditions; and/or

p. Exposing its passengers to hurricane force weather conditions; and/or

q. Failure to provide adequate training, instruction, and supervision to the captain and crew; and/or

r. Failure to promulgate and/or enforce adequate policies and procedures to ensure that safety would not be compromised for cost and/or profits; and/or

s. Failure to adequately maintain the *Anthem of the Seas*, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

t. Failure to adequately inspect the *Anthem of the Seas*, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

u. Failure to promulgate policies and/or procedures aimed at preventing the failure of shipboard systems necessary to ensure the reasonable safety of its passengers; and/or

v. Failure to promulgate policies and/or procedures aimed at ensuring an adequate emergency plan to protect the health and welfare of passengers during an emergency; and/or

w. Failure to determine and/or appreciate the hazards associated with operating the subject vessel's propulsion system while encountering severe weather and sea conditions; and/or

x. Knowing, as a result of previous similar incidents, of the likelihood of a threat to passenger safety resulting from all of the above, yet failing to take corrective action and/or implement policies and procedures aimed at preventing and/or mitigating the harmful effects of the of the subject incident; and /or

y. Failure to promulgate adequate storm avoidance policies aimed at ensuring the safety of passengers; and/or

z. Failure to employ an in-house meteorological staff tasked with monitoring storms and/or sea conditions to ensure the safety of passengers.

39. At all material times, Defendant RCCL had exclusive custody and control of the vessel, *Anthem of the Seas*.

40. Defendant knew of the foregoing conditions causing Plaintiff's injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

41. As a result of the negligence of RCCL, Plaintiff sustained bodily injuries, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, **JOANNA MCCOURT**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT III – SUSAN WINTER'S CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 23 as though alleged originally herein and further allege:

42. At all times material, due to the negligence and/or gross negligence and/or intentional conduct of the Defendant, Plaintiff and all others similarly situated were placed

in an immediate risk of physical harm. Said risk of physical harm included but is not limited to: injury and/or death and/or severe emotional and/or psychological trauma.

43. Defendant's negligence and/or gross negligence and/or intentional conduct caused severe mental and/or emotional harm and/or distress in the Plaintiff and all others similarly situated, such as fear and anxiety. These emotional injuries and/or damages have also resulted in physical manifestations, such as sickness, nausea, exhaustion, fatigue, headaches, insomnia, lack of sleep, poor sleep and nightmares.

44. During the time period alleged in the complaint, Plaintiff were confined to their stateroom for approximately twelve hours and were subjected to the violent storm causing a reasonable fear of death and the sinking of the vessel.

45. Plaintiff and those similarly situated aboard the *Anthem of the Seas* were placed in the zone of danger as a result of the violent storm. Plaintiff was in close proximity to conditions which did cause or could have caused serious physical, mental and/or emotional injury and/or illness.

46. Plaintiff's fear of death and experience of mental, emotional and/or physical harm were genuine and well founded and Plaintiff's suffered mental or emotional harm (such as fright and anxiety) that was caused by the negligence of RCCL. This fright and anxiety has further manifested itself as multiple physical symptoms experienced by the Plaintiff, including but not limited to insomnia, depression, anxiety, nightmares, and dizziness.

47. As a result of the negligence of RCCL, Plaintiff sustained bodily injuries, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the

normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, **SUSAN WINTER**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT IV – JOANNA MCCOURT'S CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 23 as though alleged originally herein and further allege:

48. At all times material, due to the negligence and/or gross negligence and/or intentional conduct of the Defendant, Plaintiff and all others similarly situated were placed in an immediate risk of physical harm. Said risk of physical harm included but is not limited to: injury and/or death and/or severe emotional and/or psychological trauma.

49. Defendant's negligence and/or gross negligence and/or intentional conduct caused severe mental and/or emotional harm and/or distress in the Plaintiff and all others similarly situated, such as fear and anxiety. These emotional injuries and/or damages have also resulted in physical manifestations, such as sickness, nausea, exhaustion, fatigue, headaches, insomnia, lack of sleep, poor sleep and nightmares.

50. During the time period alleged in the complaint, Plaintiff were confined to their stateroom for approximately twelve hours and were subjected to the violent storm causing a reasonable fear of death and the sinking of the vessel.

51. Plaintiff and those similarly situated aboard the *Anthem of the Seas* were placed in the zone of danger as a result of the violent storm. Plaintiff was in close proximity to conditions which did cause or could have caused serious physical, mental and/or emotional injury and/or illness.

52. Plaintiff's fear of death and experience of mental, emotional and/or physical harm were genuine and well founded and Plaintiff's suffered mental or emotional harm (such as fright and anxiety) that was caused by the negligence of RCCL. This fright and anxiety has further manifested itself as multiple physical symptoms experienced by the Plaintiff, including but not limited to insomnia, depression, anxiety, nightmares, and dizziness.

53. As a result of the negligence of RCCL, Plaintiff sustained bodily injuries, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, **JOANNA MCCOURT**, demands judgment, interest and

costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

**COUNT V – SUSAN WINTER'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 23 as though alleged originally herein and further allege:

43. As set forth above, the actions of RCCL were intentional or reckless and inflicted mental suffering. RCCL's conduct in both placing the subject vessel in a violent storm and subjecting passengers to a reasonable fear of death, despite RCCL's prior knowledge of the impending storm, was outrageous. This conduct is made more outrageous by the fact that this conduct was motivated by RCCL's desire to make profit rather than ensure the reasonable safety and welfare of its passengers.

44. RCCL's conduct caused the Plaintiff, and all those similarly situated, to suffer through the fearful conditions alleged above.

45. All of the conditions previously alleged and endured by the Plaintiff caused severe suffering and emotional distress as these conditions not only led to immediate risk of physical harm but also caused severe discomfort, anxiety, feelings of helplessness/hopelessness as the *Anthem of the Seas* battled the violent storm.

46. The conduct of RCCL as alleged above is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Put simply, RCCL recklessly and intentionally put more than 4,000 passengers through a living nightmare so it could protect its bottom line.

47. As a result of the negligence of RCCL, Plaintiff sustained bodily injuries, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, **SUSAN WINTER**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

**COUNT VI – JOANNA MCCOURT'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 23 as though alleged originally herein and further allege:

48. As set forth above, the actions of RCCL were intentional or reckless and inflicted mental suffering. RCCL's conduct in both placing the subject vessel in a violent storm and subjecting passengers to a reasonable fear of death, despite RCCL's prior knowledge of the impending storm, was outrageous. This conduct is made more outrageous by the fact that this conduct was motivated by RCCL's desire to make profit rather than ensure the reasonable safety and welfare of its passengers.

49. RCCL's conduct caused the Plaintiff, and all those similarly situated, to suffer through the fearful conditions alleged above.

50. All of the conditions previously alleged and endured by the Plaintiff caused severe suffering and emotional distress as these conditions not only led to immediate risk of physical harm but also caused severe discomfort, anxiety, feelings of helplessness/hopelessness as the *Anthem of the Seas* battled the violent storm.

51. The conduct of RCCL as alleged above is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Put simply, RCCL recklessly and intentionally put more than 4,000 passengers through a living nightmare so it could protect its bottom line.

52. As a result of the negligence of RCCL, Plaintiff sustained bodily injuries, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, **JOANNA MCCOURT**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT VII – PUNITIVE DAMAGES AS TO ALL COUNTS

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 23 as though alleged originally herein and further allege:

53. The acts and omissions of the Defendant with respect to navigating the vessel into hurricane force winds, and despite the abundant knowledge of the winter storm, Defendant wholly failed to take any action to prevent foreseeable injuries and willfully and in gross disregard of the safety to passengers, including the Plaintiffs, took no action to remedy this dangerous condition, giving rise to a claim for punitive damages against Defendant, **ROYAL CARIBBEAN CRUISES, LTD**.

54. Plaintiffs are entitled to the maximum award of punitive damages allowed by law.

**WHEREFORE**, Plaintiffs, **SUSAN WINTER and JOANNA MCCOURT**, demands judgment, punitive damages, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiffs may be justly entitled.

Dated: February 6, 2017

**HOLZBERG LEGAL**
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161

BY: *<u>/s/ Glenn J. Holzberg</u>*
GLENN J. HOLZBERG
Florida Bar No.: # 369551